## Orlady *against* M'Namara.

If an award of arbitrators be set aside on the allegation that the declaration contains no cause of action, it is the subject of a writ of error: and if the judgment of the court be erroneous, it will be reversed, and the award and judgment upon it reinstated.

*Quære.*—Whether the court below could, after the time for an appeal has elapsed, and execution has been issued, set aside an award on the allegation of a defect in the pleadings?

ERROR to the common pleas of *Huntingdon* county.

Martin Orlady against George M'Culloch and Thomas M'Namara, trading under the firm of M'Culloch & M'Namara. This was an action of debt, in which the writ was served upon M'Namara alone; and the plaintiff filed a declaration and referred the cause to arbitrators, who made a report in favour of the plaintiff for four hundred and twenty-six dollars. The defendant did not enter an appeal, but after execution issued, he came in and asked the court to set aside the award on the ground that the declaration contained no cause of action.

The court below (Burnside, president, dissenting) set aside the award.

*Bell* and *Orbison*, for plaintiff in error, cited 2 *Dall.* 229.

*Miles* and *Blanchard, contra*, cited 14 *Serg. & Rawle* 149; 5 *Serg. & Rawle* 526; 8 *Watts* 530.

PER CURIAM.—This case differs from the Erie Bank *v.* Brawley in an essential particular. There, the award was set aside because it was supposed the cause of action was not within the compulsory arbitration law; a result which left the action depending and open to further prosecution, as if it had never been out of court upon a rule. Here the award was set aside upon the allegation that the declaration contains no cause of action; a result which would deprive the plaintiff of a *right* to proceed. He might perhaps be permitted to amend; but as a valid amendment would substitute a cause of action substantially different, his amendment would be of grace and not of right. But having perhaps laid his cause of action truly, he might have no amendment to ask; and the court, having pronounced his cause of action bad, would not suffer him to occupy its time further, with what it had pronounced a nullity. He would thus stand in a predicament analagous to what is produced by an arrest of judgment after verdict. By setting aside the award therefore, the cause was at an end ; and this writ of errror lies. Then if it were open to the court below in a proceeding of this sort to look into the pleadings, still there was a cause of action laid; and the interference for the supposed want of it was an error.

Judgment reversed, and award affirmed.