Morrison, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 12, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Lewis R. Long,* for appellant.

*R. Carlyle Fee,* Asst. Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

PER CURIAM, October 2, 1940:

On the merits, this appeal is governed in principle by our very recent decision in *Thurston v. Unemploy-*

*ment Compensation Board of Review,* 140 Pa. Superior Ct. 254, 13 A. 2d 890.

On the question of procedure, we are of opinion that the provision in the Unemployment Compensation Law (Act of December 5, 1936, P. L. of 1937, p. 2897), that the board shall hear appeals by employees engaged in the administration of the act from dismissal, suspension or furlough and render a final decision in not more than *thirty days* after the date of such appeals, (sec. 208 (p) ), is directory and not mandatory, and that the action of the board in not entering its final decision on the appeal *taken* October 5, 1939, and *heard* on October 24, 1939, until November 15, 1939 did not require the reinstatement of the employee to the position from which he had been rightfully dismissed: *Pearlman v. Newburger,* 117 Pa. Superior Ct. 328, 337-8, 178 A. 402; *Com. ex rel. Fortney v. Wozney,* 326 Pa. 494, 497, 192 A. 648; *Coolbaugh v. Herman,* 221 Pa. 496, 70 A. 830; *Swick v. School Dist. of Tarentum,* 141 Pa. Superior Ct. 246, 14 A. 2d 898. It will be noted that the decision of the board was rendered within thirty days after the *hearing* on the appeal.

Statutes directing deliberative bodies to make a decision involving judgment or discretion within a certain time bear no likeness to provisions directing appeals to be taken by a litigant within a fixed period; and except in very unusual instances they will be held to be directory only. Certainly there is nothing in the Act which would warrant a construction that a delay of ten days in entering the decision of the board requires a *reversal* of the order appealed from.

The decision is affirmed.