## Kuzemchak v. Bukofski et al.

Before Valentine, P. J., Lewis and Pinola, JJ.

*John L. McDonald,* for plaintiff.

*Murray Mackson,* for defendants.

PINOLA, J., February 21, 1955.—Pursuant to the Act of June 16, 1836, P. L. 715, 5 PS §31, as amended, and our court rule 3-A, sec. I, the above case was submitted to a board of three arbitrators. A hearing was held October 6, 1954, but the decision in favor of the defendants was not rendered until November 9, 1954. While it does not appear of record, we are informed that B. B. Lewis, one of the arbitrators, spent some time in a hospital following the hearing and before the rendition of the award. This may account for some of the delay.

Plaintiff obtained a rule on defendants to show cause why the award of the arbitrators should not be stricken

off because it was not rendered within 20 days from the date of the hearing, as required by paragraph VIII, sec. 13, of the Act of June 16, 1836, P. L. 715, as amended, 5 PS, §31, which, inter alia, provides:

"The board shall make its report and render its award within twenty (20) days after hearing."

Our court rule 3-A, sec. I, reads as follows:

"Within twenty (20) days after hearing the Board shall make its report and award signed by all or a majority of the members. The Prothonotary shall enter the same of record and give immediate notice thereof to the parties or their attorneys."

Plaintiff contends that because of the word "shall", the statutory provision is mandatory. That does not always follow.

In trials by a judge without a jury, section 2 of the Act of April 22, 1874, P. L. 109, as amended, 12 PS §689, requires that "the decision of the court . . . shall be filed . . . as early as practicable, not exceeding sixty days from the termination of the trial. . . ."

In Griffith Will, 358 Pa. 474, a trial without jury was concluded January 16, 1946, but the court's decision was not filed until March 26, 1947, one year and two months later. The court held that the time provision of the act was directory only, saying (page 481):

" ' "(W)e believe that this provision is directory only. Otherwise all the time consumed in the trial of the case would be for naught by reason of a failure to file the decision within sixty days from the termination of the trial, irrespective of the cause for delay. Such certainly was never the intention of the legislature." ' "

Considering the provision of the Unemployment Compensation Law of December 5, 1936, P. L. (1937), 2897, sec. 208, that the board shall "render a final decision in not more than thirty days after the date of . . . appeals", the Superior Court held in Morrison v. Unemployment Compensation Board of Review, 141

Pa. Superior Ct. 256, that the provision was directory and not mandatory. It declared (page 258) :

"Statutes directing deliberative bodies to make a decision involving judgment or discretion within a certain time bear no likeness to provisions directing appeals to be taken by a litigant within a fixed period; and except in very unusual instances they will be held to be directory only."

The case cited by counsel for plaintiff, Kuzmen v. Kamien, 139 Pa. Superior Ct. 538, does not apply. There three arbitrators were agreed upon and only two of them heard the evidence and made the award. The court held that the award was not valid because section 6 of the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §166, provides:

"When more than one arbitrator is agreed to, all the arbitrators shall sit at the hearing of the case, unless, by consent in writing, all parties shall agree to proceed with the hearing with a less number."

The court concluded that the word "shall" was mandatory because the rule that all arbitrators shall sit is essential to accomplish the primary purpose of the statute, namely, the enforcement of arbitration agreements. In other words, the number of the arbitrators was of the essence of the proceedings. In this case the time of rendition of the award is not of the essence.

We believe that the provision here in question is directory only and, therefore, we cannot set aside the award because of its violation.

Accordingly, we enter the following

*Order*

Now, February 21, 1955, at 1:40 p.m., the rule heretofore granted to show cause why the arbitrators' award in the above case should not be stricken off, is discharged.