Damon & Foster, Appellant, *v.* Berger.

Argued September 15, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*A. Samuel Buchman*, for appellant.

*Ronald N. Rutenberg*, with him *Harry A. Rutenberg*, for appellee.

OPINION BY RHODES, P. J., November 11, 1959:

This is an appeal from an order of the Municipal Court of Philadelphia striking an award of a board of arbitrators from the record because it was filed more than twenty days after the hearing. The arbitration was had under the provisions of the Act of June 16, 1836,[1] P. L. 715, as amended, 5 PS §21 et seq., commonly referred to as Compulsory Arbitration.

The plaintiffs instituted an action in assumpsit on December 24, 1957, to recover $810 from the defendant for work performed under an oral contract to survey

---

[1] The Act of June 16, 1836, P. L. 715, has been added to or amended by the Act of January 14, 1951 (1952) P. L. 2087; Act of July 22, 1955, P. L. 270; and Act of June 20, 1957, P. L. 336.

and plot certain parcels of land owned by the defendant in Ridley Park Borough. Defendant answered denying that he had entered into any contract with the plaintiffs and averring that the survey, if made, was for an independent contractor who was erecting dwellings on the land. On January 20, 1959, a board of arbitrators held a hearing and made an award in favor of the plaintiffs in the sum of $1,012.77, including interest to the date of the hearing. The award was not filed, however, until February 27, 1959, at which time copies were also mailed to the parties. The defendant filed exceptions alleging that the arbitrators had misbehaved themselves in the conduct of the case in not filing the award within twenty days after the hearing.[2] The court below concluded that the failure to file the award within twenty days from the date of hearing did not constitute misconduct or misbehavior on the part of the arbitrators and dismissed the exceptions.

Nevertheless, the court on its own motion struck the award for error appearing on the face of the record because of the board's noncompliance with the filing provision of its local rule. This appeal followed.

Local court Rule IV A provides: ". . . within twenty (20) days after the hearing the Board of Arbitrators shall file a report and award . . ."

---

[2] Local Court Rule VI D provided that exceptions may be filed only for the following reasons:

(1) That the arbitrators misbehaved themselves in the conduct of the case; (2) that the action of the board was procured by corruption or other undue means.

Section 26 of the Act of June 16, 1836, as amended by §2 of the Act of June 20, 1957, 5 PS §57, provides:

"It shall be lawful for the several courts of common pleas and the Municipal Court of Philadelphia to set aside an award of arbitrators, on due proof—I. That the arbitrators misbehaved themselves in the course of the hearings before them. II. That the award was procured by corruption or other undue means."

Section 13, VIII of the Act of 1836, as amended, 5 PS §31, provides in part: "The board shall make its report and render its award within twenty (20) days after hearing."

The use of the word "shall" in the statute and in the local court rule does not in and of itself indicate an intention that the provision is mandatory. The general rule is to the contrary in the present situation. "Statutes directing deliberative bodies to make a decision involving judgment or discretion within a certain time bear no likeness to provisions directing appeals to be taken by a litigant within a fixed period; and except in very unusual instances they will be held to be directory only." *Morrison v. Unemployment Compensation Board of Review*, 141 Pa. Superior Ct. 256, 258, 15 A. 2d 391, 392. See, also, *Griffith Will*, 358 Pa. 474, 481, 57 A. 2d 893. This is not such an unusual situation requiring a strict interpretation.

The court below recognized that the requirement of filing within twenty days after the hearing is not mandatory. The striking of the award for such noncompliance appears from the opinion of the court to have been motivated by the desire to protect the reliability, the dignity, and impartiality of compulsory arbitration, and to promote the expeditious discharge of duties by boards of arbitration. While the court's objective cannot be questioned, the remedy seems unduly harsh upon the successful party to the arbitration. It would appear that the mere failure of the board to comply with this provision should not render the award void or visit upon the plaintiffs a penalty for the technical dereliction of the board. In *Boone v. Reynolds*, 1 S. & R. 231, involving a similar provision of the earlier arbitration act, it was held: "It is true, that by the 7th section, the arbitrators are directed to transmit their award to the prothonotary in seven days; but if they fail in the performance of this duty, it is not said that

the award shall be void. Indeed, it would be most unjust, that the party should lose the benefit of the award, without any default of his own." See *Kuzemchak v. Bukofski*, 2 Pa. D. & C. 2d 810. The reasons advanced by the court below for striking the award, while declarative of meritorious objectives, are not reasons which have been shown to have any direct application to this case.

Although there may be merit to the position of the appellant, we are obliged to conclude that this Court cannot grant the relief desired. The order striking the award is an interlocutory order which in effect returned the case to its status before the arbtirators' hearing. The order is not made appealable by the statute nor does it have the effect of putting the plaintiffs out of court or of ultimately constituting a conclusive adjudication of the proceedings. *Com. v. Elias,* 394 Pa. 639, 641, 149 A. 2d 53; *Washcalus Appeal,* 170 Pa. Superior Ct. 20, 22, 84 A. 2d 220; *Orlady v. McNamara,* 9 Watts 192. The award of a board of arbitrators, if not appealed from in accordance with the Act, has the effect of a verdict upon which a judgment may be entered (section 34.1 of the Act of June 16, 1836, P. L. 715, as added by the Act of June 13, 1957, P. L. 302, 5 PS §58.1), but the vacation of such award, placing the parties in the procedural position existing prior to the arbitration hearing, is not conclusive of any substantive rights. The order striking the award was not one upon which a judgment could be entered, nor was it final in the sense that it was appealable. See *McGlue v. Philadelphia,* 105 Pa. 236; *Orlady v. McNamara,* supra, 9 Watts 192.

We have considered that the vacating order might be deemed in the nature of an order granting a new trial, which is appealable as a matter of common law right. *DeWaele v. Metropolitan Life Insurance Company,* 358 Pa. 574, 582, 584, 58 A. 2d 34. The diffi-

culty with such analogy is that this arbitration award, unlike a jury verdict, is the result of a proceeding created by statute and must be governed by the statutory provisions. As we have indicated the statute does not provide for an appeal from an order vacating the arbitration award. The only appeal provided for is an appeal to the court below from the award in which event the matter would be heard de novo. See section 27 of the Act of 1836, as amended, 5 PS §71. By comparison, we observe that in section 15 of the Act of April 25, 1927, P. L. 381, as amended, 5 PS §175, relating to proceedings under contracts providing for arbitration as distinguished from compulsory arbitration, specific provision is made for the taking of an appeal "from an order confirming, modifying, correcting, or vacating an award, . . ." Such provision is lacking in the Act of 1836, as amended.

Moreover, even if the vacating order were considered appealable, notwithstanding its interlocutory nature, the matter would appear to be within the jurisdiction of the Supreme Court rather than this Court, since the statute neither authorizes nor prohibits an appeal from such an order. *Bell Appeal*, 396 Pa. 592, 608, 152 A. 2d 731; *Robinson Township Appeal*, 189 Pa. Superior Ct. 569, 574, 151 A. 2d 836.

The impression that the appellant[3] ostensibly should have some remedy does not cure the jurisdictional obstacles of the case. That we might afford relief to the appellant does not determine our jurisdiction. "It is, of course, hornbook that jurisdiction can never be made to depend upon the character or extent of the relief affordable under the particular facts. . . . 'The test of jurisdiction is whether the court has the power to enter on the inquiry; not whether it can, in

---

[3] Apparently only one appeal was taken by the plaintiffs in the firm name.

the circumstances . . .' grant what is asked for." *De-Waele v. Metropolitan Life Insurance Company*, supra, 358 Pa. 574, 581, 58 A. 2d 34, 38.

The appeal is quashed.