# The Bell Telephone Company of Pennsylvania v. Blumberg

*George C. Corson, Jr.*, for plaintiff.

*William L. O'Hey* and *Sidney M. DeAngelis*, for defendants.

HONEYMAN, J., June 15, 1962.—This matter was an action in assumpsit started by complaint of plaintiff, The Bell Telephone Company of Pennsylvania, against Leon D. Blumberg and Donna Marie Blumberg, formerly husband and wife but now divorced. The basis for the cause of action was a claim of plaintiff against defendants for an unpaid telephone bill in the amount of $615.16. The two defendants filed separate answers, in which each denied joint or several liability therefor. Under the compulsory arbitration rules of this court, the matter was ordered for hearing before a board of arbitrators, consisting of three mem-

bers of the bar of Montgomery County. The board of arbitrators were impaneled, sworn and hearing held before them on February 8, 1961, with a continued hearing on February 16, 1961. All parties and their counsel were present at the hearings. On the latter date, the arbitrators entered their award, signed it, and same was docketed and indexed in the office of the prothonotary of Montgomery County. The arbitrators, in their award, found for plaintiff and against defendant, Leon D. Blumberg, in the amount of $615.16, and found in favor of defendant, Donna Marie Blumberg. From this award, defendant, Leon D. Blumberg, perfected his appeal in accordance with the rules of our court. On March 6, 1961, the said board of arbitrators, apparently on their own motion, filed an amended award in the office of the prothonotary of Montgomery County, in which they found in favor of plaintiff and against both of defendants in the amount of $615.16. This award was docketed and indexed by the prothonotary against Donna Marie Blumberg only. According to the records of the prothonotary, this latter judgment on the amended award was not entered until April 17, 1961. On May 1, 1961, defendant, Donna Marie Blumberg, filed a petition with the court praying that the amended award filed March 6, 1961, be stricken. The court issued a rule to show cause why the prayer of this petition should not be granted and both the other defendant, Leon D. Blumberg, as well as plaintiff filed responsive answers thereto praying that the petition be dismissed. Counsel for the respective parties conferred with the undersigned member of this court thereafter and on October 30, 1961, these counsel reached an agreement which formed the basis for an order to be entered by this court. This order was as follows:

"And now, this 30th day of October, 1961, upon agreement of counsel for Plaintiff and for Defendant

Donna Marie Blumberg, it is ordered that the judgment entered on April 7, 1961, in favor of The Bell Telephone Company of Pennsylvania and against Donna Marie Blumberg as of No. 61-3361 (General Docket No. 4, page 31) for the sum of $615.16 with costs and interest at 6% be stricken and that the Prothonotary shall so mark both the Continuance Docket (No. 133, page 206) and the General Docket, all of which is without prejudice to Plaintiff's right to pursue any other remedies against Defendant Donna Marie Blumberg upon the Appeal from the Report and Award of Arbitrators taken in this cause by Defendant Leon D. Blumberg. Upon agreement of counsel for Plaintiff and for both Defendants, it is further ordered that Donna Marie Blumberg shall be considered to be a party to the Appeal from the Report and Award of Arbitrators taken by Leon D. Blumberg only on March 8, 1961, and to the trial of the cause *de novo* before a Judge and Jury, as if she had taken and perfected such an Appeal in her own right.

By the Court,

/s/ Robert W. Honeyman, J."

The case was placed upon the civil jury trial list in accordance with this order and at the March 1962 term of civil court the case attached for trial before Groshens, J., and a jury. At a pre-trial conference with Groshens, J., it was brought to the court's attention that on March 22, 1962, which date was after the commencement of the March trial term, counsel for the plaintiff-company ordered the prothonotary to mark the case "settled, discontinued and ended" as to defendant, Leon D. Blumberg, *only*. It was represented to the court that plaintiff previous to the entry of this satisfaction had accepted from the said Leon D. Blumberg one-half of the amount claimed to be due in full satisfaction of its claim against him. Counsel for defendant, Donna

Marie Blumberg, entered an objection with the trial judge (Groshens, J.) to proceeding to trial, alleging that this action by plaintiff and defendant, Leon D. Blumberg, was a breach of the agreement that gave rise to the order of this court dated October 30, 1961, thereby rendering said order of this court of no further effect and relegating the parties to their respective positions immediately prior to the entry of said order. Judge Groshens sustained said objections and, of his own motion, ordered the matter for argument before the court en banc.

The matter was argued before the court en banc pursuant thereto, briefs were submitted on behalf of plaintiff and defendant, Donna Marie Blumberg, and counsel for same argued before the court. No brief was filed nor was argument made on behalf of defendant, Leon D. Blumberg.

It would appear that the following questions must be answered by this court to intelligently dispose of the matter:

1. Was the original award of the arbitrators dated February 16, 1961, the only valid award made by them?

2. Do arbitrators have the power to amend an award after it has been signed, filed, docketed and indexed?

3. Is the amended award of March 6, 1961, a nullity?

4. Did counsel for Donna Marie Blumberg, when he entered into the agreement giving rise to the October 30, 1961, court order, relinquish anything of value to her?

5. Did counsel for plaintiff, The Bell Telephone Company of Pennsylvania, in entering into the agreement giving rise to the October 30, 1961, court order, relinquish anything of value to it?

6. In accepting a sum in full satisfaction of their claim against defendant, Leon D. Blumberg, and order-

ing the prothonotary to satisfy the record of the proceeding against him, did plaintiff breach its agreement with counsel for Donna Marie Blumberg which gave rise to the October 30, 1961, court order?

7. If such was a breach thereof, is the October 30, 1961, court order thereby vacated?

8. If same is vacated, to what positions are each of the parties thereby relegated?

Question No. 1: The Superior Court of Pennsylvania in Damon & Foster v. Berger, 191 Pa. Superior Ct. 165 (1959), said at page 169:

". . . The award of a board of arbitrators, if not appealed from in accordance with the Act, has the effect of a verdict upon which a judgment may be entered (section 34.1 of the Act of June 16, 1836, P.L. 715, as added by the Act of June 13, 1957, P.L. 302, 5 PS §58.1) . . ."

Rule 252 d (1) of the Rules of the Court of Common Pleas of Montgomery County, states, inter alia:

". . .The report and award, if any, shall be substantially in the form of a verdict of a jury and need not contain a recital of facts nor a statement of reasons for the action taken by the Board but may contain such recital or statement of reasons if the Board shall deem it advisable."

In subsection (2) thereunder it states:

"The report and award, if any, unless appealed from as herein provided, shall be final and shall have the legal effect of a judgment."

This court is of the opinion that the original award of the arbitrators in the instant case dated February 16, 1961, was the only valid award entered by the arbitrators, that upon its being signed, filed, docketed and indexed, it had all the force and effect of a verdict of a jury, and that it was only subject to appeal or exceptions provided by the Rules of the Court of Common Pleas of Montgomery County, and therefore, was not

subject to modification or amendment by the arbitrators thereafter.

Question No. 2: The court is of the opinion that the arbitrators do not have the power to amend an award after it has been signed, filed, docketed and indexed by reason of that which is set forth in answer to question no. 1.

Question No. 3: The court is of the opinion that the amended award of March 6, 1961, is a nullity by reason of that which is set forth in answer to question no. 1.

Question No. 4: As was previously set forth, defendant, Leon D. Blumberg, through his counsel perfected his appeal from the February 16, 1961, award of the arbitrators in accordance with the rules of court. The other defendant, Donna Marie Blumberg, since such award was in her favor, did not appeal therefrom. Less than two weeks after the amended award of March 6, 1961, was filed by the arbitrators, Donna Marie Blumberg filed her petition to strike said amended award. This petition was never disposed of by this court, by reason of the fact that the attorneys for all three parties entered into an agreement giving rise to the October 30, 1961, order of this court. In that agreement she relinquished her prosecution of such petition. By reason of the foregoing answers to questions nos. 1, 2 and 3, it is obvious that this court would have granted the prayer of her petition and would have strcken the amended award of March 6, 1961. Therefore, the court concludes that Donna Marie Blumberg *did* relinquish something of value to her in permitting her counsel to enter into agreement with other counsel, which said agreement caused the entry of the October 30, 1961, order of this court.

Question No. 5: Plaintiff, The Bell Telephone Company of Pennsylvania, did not, in this court's opinion, relinquish anything of value in entering into the agreement leading up to the October 30, 1961, court order. It

had a right of appeal from the original award of the arbitrators if it was interested in continuing to assert its claim of liability against defendant, Donna Marie Blumberg. This it did not do. Therefore, instead of relinquishing something of value, it gained something of value by reason of the said agreement of counsel, in that it obtained that which it would not have had, viz. a renewed right of action against Donna Marie Blumberg, which otherwise would have expired by reason of the passage of the appeal period following the original award of the arbitrators dated February 16, 1961.

Question No. 6: This court is of the opinion that plaintiff did breach its agreement with counsel for Donna Marie Blumberg which gave rise to the October 30, 1961, court order when it accepted an offer of settlement from Leon D. Blumberg alone and satisfied the record of the case as to him only. The October 30, 1961, order provided that Donna Marie Blumberg should be considered a party to the appeal taken by Leon D. Blumberg and to the trial of same *de novo* before a judge and jury the same as though she had taken and perfected such appeal in her own right. As stated hereinabove, there was no valid adverse award from which she would have appealed. Therefore, it obviously was a breach of agreement by plaintiff to release Leon D. Blumberg and enter a satisfaction of the record as to him only. In his argument as well as in his brief, counsel for plaintiff asks this court to inquire into the merits of the case. We are neither required to do so at the present state of the record, nor should we do so. The facts that the arbitrators found to move them to enter their original award are not before us. We can only assume from the original award that plaintiff failed to meet its burden of proof in seeking to assert its claim against Donna Marie Blumberg. Plaintiff chose not to appeal therefrom within the requisite period, but entered into an agreement whereby, in con-

sideration of Donna Marie Blumberg's relinquishing her attack upon the amended award and agreeing to be joined as a party-defendant in the appeal of Leon D. Blumberg, the judgment entered on the amended award against her would be stricken. We have previously declared that that which plaintiff agreed to strike from the record, and which was ostensibly favorable to it, was in fact a nullity. Therefore, reviewing the matter at this time, it is apparent that Donna Marie Blumberg abided by the terms of the agreement which was the basis of the October 30, 1961, court order and had a right to rely on the other defendant remaining as a responsive party to the claim of plaintiff. The agreement of counsel and the order of this court gave all three parties the right to have the matter adjudicated *de novo* before a judge and jury. The intervening action of plaintiff in respect to Leon D. Blumberg has prevented Donna Marie Blumberg from exercising this right and therefore plaintiff has breached its agreement with her.

Question No. 7: By reason of such breach by plaintiff, this court is of the opinion that the October 30, 1961, court order should be, and is vacated.

Question No. 8: Since the October 30, 1961, order of this court is vacated, each of the three parties to the action are relegated to the following positions:

Plaintiff, The Bell Telephone Company of Pennsylvania, had rendered in its favor an award of the arbitrators dated February 16, 1961, in the full amount of its claim against defendant, Leon D. Blumberg, *only*. It did not appeal from the award of the arbitrators in favor of the other defendant. An appeal from this award was effectuated by Leon D. Blumberg. This appeal was pending at the time plaintiff accepted in full and final settlement a sum of money from Leon D. Blumberg and pursuant thereto it ordered the prothonotary to mark its docket "settled, discontinued and

ended" as to Leon D. Blumberg. Therefore, plaintiff has received all to which it was entitled. It has no further claim or cause of action against the other defendant, Donna Marie Blumberg.

Defendant, Leon D. Blumberg, has no further claim to be made against him by reason of the fact he paid to plaintiff a sum which has been accepted in full satisfaction of plaintiff's claim against him. There is, therefore, no further action to be taken before this court which would affect Leon D. Blumberg.

As to defendant, Donna Marie Blumberg, there is nothing before the court to which she must respond. She received an award in her favor from the arbitrators on February 16, 1961. No appeal was perfected as to her from said award. Therefore, there is no action pending before this court to which she is a party.

*Order*

And now, June 15, 1962, it is ordered and decreed that the prothonotary shall mark the record of this proceeding "settled, discontinued and ended" as to all parties, with any unpaid costs to be assessed against defendant, Leon D. Blumberg, in accordance with the order of plaintiff filed March 22, 1962.