## Leister v. Plaga

*Bryan A. Snapp,* for plaintiff.
*Albert L. Blackman, Jr.,* for defendant.

WALSH, *J.,* July 6, 1977—This case is before the court for disposition pursuant to Rule *266, upon plaintiff's amended motion to strike and excep-

tions to amended report and award of arbitrators pursuant to Rule 908 (d).

The pertinent facts are as follows: Plaintiff instituted an action in trespass for property damage as a result of defendant's alleged negligent operation of an automobile. On October 6, 1976, an arbitration hearing was held and an award of arbitrators was duly filed on this same day, signed by all three members of the board, in favor of plaintiff for the amount of $450. An amended report and award of arbitrators was subsequently filed with the office of the prothonotary on October 22, 1976, in favor of defendant. On November 10, 1976, plaintiff filed an amended motion to strike and exceptions to the amended award of arbitrators which is now before the court.

Plaintiff contends that the amended award of the board of arbitrators, filed 16 days following its initial award, is a nullity and must be stricken and vacated. We agree.

The award of a board of arbitrators, if not appealed from in accordance with the act, has the effect of a verdict upon which a judgment may be entered (section 34.1 of the Act of June 16, 1836, P.L. 715, as added by the Act of June 13, 1957, P. L. 302, 5 P. S. § 58.1); Damon and Foster v. Berger, 191 Pa. Superior Ct. 165, 155 A.2d 388 (1959). The court concludes that the initial award of the board of arbitrators, upon its being signed, filed, docketed and indexed, had the full force and effect of a verdict.

Where an award is regular on its face, and it does not there appear that the arbitrators have exceeded their authority, it is binding on the losing as well as the winning party. "Standard Pa. Pract.

598 § 150". The court concludes that the board of arbitrators was without power to modify or amend the original and duly filed award: Bell Telephone Company of Pennsylvania v. Blumberg, 29 D. & C. 2d 31, 35-36 (Montg. Co. 1962), and that the amended award filed on October 22, 1976, is a nullity which must be stricken and vacated: Bell Telephone Company of Pennsylvania v. Blumberg, supra; "Standard Pa. Pract. 597 § 149".

Since the court has concluded that the amended award is a nullity because the arbitrators lacked power to make such award, a discussion of the plaintiff ' exceptions under Rule 908 (d) will not be necessary.

## ORDER

And now, July 6, 1977, pursuant to Rule *266, it is ordered that plaintiff ' amended motion to strike the amended award of the arbitrators, as filed on October 22, 1976, is granted and that the amended award of the arbirtators be stricken and vacated.