Stadler, Admr., Appellant, *v.* Mt. Oliver Borough.

Argued March 27, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Allen S. Gordon* and *George S. Goldstein,* for appellant.

*Harold E. McCamey,* with him *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, April 13, 1953:

Plaintiff's decedent, a 12-year old boy, met his death by drowning in a swimming pool owned and operated by the defendant, the Borough of Mt. Oliver. The present suit was brought by the administrator of his estate. The complaint alleged that defendant's precautions for safeguarding the decedent and other children were inadequate and that defendant was accordingly negligent. At the trial of the cause plaintiff sought to amend the complaint by adding allegations to the effect that the pool was improperly equipped and that it was maintained in a dangerous condition and in violation of the health laws of the Commonwealth. The trial was thereupon continued, and the question as to whether or not the amendment should be allowed —the statute of limitations having run—was argued before the court en banc on a rule to show cause why the amended complaint should not be filed. The court, while permitting some of the proposed allegations to be added to the complaint, discharged the rule. From this order plaintiff has taken the present appeal.

We are of opinion that the appeal must be quashed because the order complained of is interlocutory. By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive

order, decree, or judgment which finally determines the action.* The court cannot assume such appellate jurisdiction even by consent of the parties: *Monnia's Estate,* 270 Pa. 367, 369, 113 A. 550, 551; *Keasbey's Trust Estate,* 342 Pa. 439, 444, 20 A. 2d 281, 283. Nor is an order, judgment or decree final unless it terminates the litigation between the parties to the suit by precluding a party from further action in that court: *Sinking Spring Water Co. v. Gring,* 257 Pa. 340, 101 A. 732; *Frank P. Miller Paper Co. v. Keystone Coal & Coke Co.,* 275 Pa. 40, 43, 118 A. 565, 566; *Keasbey's Trust Estate,* 342 Pa. 439, 444, 445, 20 A. 2d 281, 283; *Washington Trust Co. Account,* 350 Pa. 363, 366, 39 A. 2d 137, 138.

In the present case it is clear that the order of the court denying plaintiff the right to amend the complaint does not preclude him from further pursuing his action before a jury, and if, in the course thereof, he be restricted to the averments of his original complaint and to evidence offered in support thereof, he can, of course, if a final judgment be rendered against him, then appeal to this court and there obtain a review of any and all alleged errors in the proceedings in the court below.

There has been called to our attention the case of *Cox v. Wilkes-Barre Rwy. Corp.,* 334 Pa. 568, 6 A. 2d 538, where this court apparently entertained an appeal from the refusal of the court below to permit plaintiff

---

* For example: *Frank P. Miller Paper Co. v. Keystone Coal & Coke Co.,* 275 Pa. 40, 118 A. 565; *American Trust Co. v. Kaufman,* 279 Pa. 230, 123 A. 785; *Lewis v. Beatty,* 306 Pa. 242, 159 A. 441; *East & West Coast Service Corp. v. Papahagis,* 340 Pa. 575, 17 A. 2d 873; *Keasbey's Trust Estate,* 342 Pa. 439, 20 A. 2d 281; *Paul v. Smith,* 343 Pa. 63, 21 A. 2d 919; *Coleman, Admr. v. Huffman,* 348 Pa. 580, 36 A. 2d 724; *Washcalus Appeal,* 170 Pa. Superior Ct. 20, 84 A. 2d 220.

to amend her statement of claim in an action of tort. However, the question of the propriety of the appeal in view of its being premature does not seem to have been raised or considered in that case, and we cannot accept it as intending to overrule our many determinations that, in the absence of legislative authority to the contrary, appellate review can be had only of final orders, decrees, or judgments: cf. *American Trust Co. v. Kaufman,* 279 Pa. 230, 233, 234, 123 A. 785, 786.

Appeal quashed.