## Steth, Appellant, *v.* Henderson.

Argued December 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John Dorfman*, with him *Dorfman, Pechner, Sacks & Dorfman*, for appellant.

*Leslie Pinckney Hill*, with him *Richard C. Jay*, for appellee.

Opinion by Flood, J., March 19, 1963:

In this case the defendant allowed more than twenty days to go by without taking an appeal to the court below from an award entered in favor of the plaintiff by a board or panel of attorneys acting as arbitrators in accordance with procedures for compulsory arbitration adopted pursuant to §8.1 of the Act of June 16, 1836, P. L. 715, as amended, 5 PS §30. Thereafter, on petition of the defendant's counsel averring merely that he was "in constant engagement" on the last day for taking an appeal the court below made absolute a rule by the defendant to show cause why he should not be granted the right to take an appeal nunc pro tunc. The order making the defendant's rule absolute was entered one day before we filed our opinion in *Klugman v. Gimbel Brothers, Inc.,* 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962), in which we held that an appeal nunc pro tunc may not be allowed in a compulsory arbitration proceeding in the absence of fraud or its equivalent.

However, the order appealed from does not put the plaintiff out of court or constitute a conclusive adjudication of the proceeding, and the statute does not authorize an appeal from an interlocutory order. Therefore, the order of the court below is not appealable at this stage of the proceeding and the appeal must be quashed. *Damon & Foster v. Berger,* 191 Pa. Superior Ct. 165, 155 A. 2d 388 (1959).

Appeal quashed.