## Budde *v.* Sandler, Appellant.

Argued March 20, 1964.   Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Bernard M. Gross,* for appellant.

*Howard M. Girsh,* with him *George J. Lavin, Jr.* and *Manuel Steinberg,* for appellees.

OPINION BY FLOOD, J., June 11, 1964:

This appeal from the action of the court below dismissing the motion to quash an appeal from the award of the arbitrators is interlocutory and must be quashed. *Caples v. Klugman,* 202 Pa. Superior Ct. 517, 198 A. 2d

342 (1964). However, in view of the divergent opinions as to the procedure in the case we deem it advisable to state our views on this point.

On February 5, 1962, Sandler, driver of one of the cars in an automobile collision, sued Bernard Budde, driver of the other car, and Anna Budde, alleged to be his principal, in the County Court of Philadelphia. The Buddes thereafter counterclaimed for the damage to their car. On April 23, 1962, the Buddes and their passengers sued Sandler in the court of common pleas.

The county court suit was referred to arbitrators and on July 23, 1962, after a hearing, they filed an award in favor of Sandler against the Buddes in the sum of $1562.50, and also in favor of Sandler on the Buddes' counterclaim. On July 23, 1962, Sandler filed his bill of costs in the sum of $30.65. On August 3, 1962, the Buddes filed an appeal from the award, but failed to pay the amount of Sandler's bill of costs. The county court docket recites "Transferred to CP-5 Sept. 1962 No. 54. All record costs to date paid." Immediately following this appears a list of costs as follows:

| | |
|-------|--------|
| Clerk | $5.00 |
| Bond | $2.50 |
| | $7.50 |
| | 4.00 |
| | 11.00 |

Sandler's bill of costs was not paid.

Pursuant to Pa. R. C. P. No. 213(d), the defendants in the county court suit filed a petition to have it transferred to the court of common pleas for consolidation with the other suit. It was accordingly transferred on September 7, 1962.

Following the transfer, Sandler moved to quash the appeal from the arbitrator's award for failure to pay all his costs, as required by §27 of the Arbitration Act

of June 16, 1836, P. L. 715, as amended (5 PS §71).

The appellees rely on the county court's arbitration rules which, as a condition precedent to an appeal from an arbitrators' award, require "all record costs" to be paid by the appellant. Whatever the phrase "record costs" may mean, it certainly includes a bill of costs which is required to be filed of record and has been so filed in this case. Therefore, even if the appellee is correct in saying that "costs" as used in the Arbitration Act of 1836, supra, has been properly defined by the county court rules as "record costs" only, he is not helped. All the record costs have not been paid and the appeal from the arbitration award should have been quashed.

The notation on the county court docket that all record costs were paid does not help the appellee. It is an obvious error which both parties or their attorneys knew. The bill of costs was of record and was not paid when the appeal was taken. Whether or not third parties might rely on this notation in the record, the defendant, who knew that it was not correct, cannot do so.

The motion judge below believed that since the motion to quash involved county court procedure which had no counterpart in common pleas, he could not decide it, and since the transfer caused the county court to lose its power to decide the motion, it must be dismissed. It is true that when the case was transferred, the county court no longer had jurisdiction. The moving party, however, is entitled to have it decided and the court of common pleas alone can decide it. In doing so, it must, of course, apply the county court rules insofar as they are in accord with the arbitration statute. Therefore, the motion to quash the appeal from the award should have been granted.

The appeal is quashed.

WRIGHT, J., concurs in the result.