## Waldron v. Pickhaver

*Michael T. McDonnell, Jr.,* for plaintiff.
*Richard K. Masterson,* for defendants.

SWENEY, P. J., January 18, 1965.—Plaintiff has moved the court to strike the appeal, herein filed by defendant, from an award by arbitrators, because de-

fendant failed to pay the costs within 20 days, as provided by law. The case has been argued before a court en banc and is now ready for disposition.

The facts which concern us are that on April 17, 1963, by order of Diggins, J., a judgment entered November 13, 1962, by plaintiff and against defendants, was opened and the case was subsequently heard before arbitrators, which resulted in an award for plaintiff. On April 1, 1964, defendants appealed and paid to the prothonotary the arbitrators' fees and bond. On April 14, 1964, plaintiff's counsel sent defendants' counsel an itemized list of costs. These costs were not paid by July 1, 1964, and this motion to quash the appeal was filed. Defendants' counsel was replaced by present counsel, who on two occasions offered plaintiff's counsel the costs; these offers were made after the 20-day period, prescribed by law.

The Act of June 16, 1836, P. L. 715, sec. 27, 5 PS §71, as amended, requires the party appealing to pay all accrued costs within 20 days from the date of appeal. This question has been fully considered and determined. See Smedley v. Montgomery Construction Co., 44 Del. Co. 11, where our Judge Diggins held:

"The Act of Assembly and the rules of court require that costs be paid and the county be reimbursed for arbitrators' fees at the time the appeal is taken." (syllabus)

In Walker v. Scholl, 27 D. & C. 2d 490, it is clearly stated:

" 'It is well settled that the payment of all the taxed costs is a condition precedent to an appeal from an award of arbitrators, and the rule has even been held to extend to a stenographer's fees made part of the costs by agreement of the parties . . .' ": Schrenkeisen v. Kishbaugh, 162 Pa. 45.

Defendants urge upon us, as controlling, the case of Morris v. Wamble, County Court of Philadelphia, December term, 1963, no. 178C, wherein Burch, J., refused to quash an appeal where appellants failed to pay accrued costs at the time of appeal. We cannot agree with our good friend, Judge Burch, and we believe that Budde v. Sandler, 204 Pa. Superior Ct. 36, controls the present case. Therefore, we find it necessary to quash the appeal and enter the following

### Decree

And now, January 18, 1965, it is ordered and decreed that the motion of plaintiff to strike or quash the appeal of defendants from the award of arbitrators is granted and the appeal herein taken is quashed; an exception is noted for defendants.