Philadelphia *v.* William Penn Business Institute (et al., Appellant).

Argued October 5, 1966. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Cassandra Maxwell Birnie,* for appellant.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION PER CURIAM, November 15, 1966:

Appeal quashed. Appellant attempts to appeal from the dismissal of preliminary objections, filed in her behalf and in behalf of the corporate defendant. The court below properly refused to entertain the corporate preliminary objections since there is no indication the appellant had any authority to file objections in its behalf. As to her own preliminary objections, no appeal is allowable from their dismissal. As stated by this court in *Wandzilak v. Huss,* 419 Pa. 541: "We

492

stated in Dozor Agency v. Rosenberg, 403 Pa. 237: 'However, generally speaking, an Order overruling preliminary objections is interlocutory and not appealable: Grosso v. Englert, 381 Pa. 351, 113 A. 2d 250. That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925; Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491; Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261.' "

In this case, the preliminary objections as to the appellant did not concern the question of jurisdiction, and as the court below made clear: "There is no question of jurisdiction of the subject matter and jurisdiction of the person was obtained by personal service. As to her, the case is now at issue on the basis of the complaint, the answer and new matter, and the reply to new matter."

This order was therefore not final within this court's definition of the term as set forth in *Stadler v. Mt. Oliver Borough,* 373 Pa. 316: "By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. The court cannot assume such appellate jurisdiction even by consent of the parties: (citing cases). Nor is an order, judgment or decree final unless it terminates the litigation between the parties to the suit by precluding a party from further action in that court: (citing cases)."

Appeal quashed.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

In the court below, appellant filed preliminary objections in her own behalf and in behalf of the corporate defendant. The lower court dismissed the prelimi-

nary objections filed in her own behalf, and the majority have properly quashed her appeal from that order.

As to the preliminary objections filed in behalf of the corporation, the lower court stated that it would not entertain them, and the majority have stated that the court's action was proper. I know of no procedure which permits a court to refuse to entertain preliminary objections once they have been filed. The court must either sustain or dismiss them. It may not merely allow them to languish because it believes that it should not entertain them. I recognize that the refusal of the lower court to act does not constitute an appealable order. However, I would remind counsel that there are effective proceedings available to compel the lower court to reach a decision on the corporate preliminary objections.