Commonwealth, Petitioner, *v.* Bey.

Before BELL, C. J., JONES, COHEN, EAGEN, ROBERTS, and POMEROY, JJ.

Carol Mary Los, Assistant District Attorney, Robert W. Duggan, District Attorney, for Commonwealth, petitioner.

Samuel J. Rich, with him Cooper, Schwartz, Diamond and Rich, for defendant.

OPINION PER CURIAM, February 12, 1970:

Howard Bey was convicted by a jury of first-degree murder in 1948 in the Court of Oyer and Terminer of Allegheny County and the penalty was fixed at life imprisonment. From the judgment of sentence, Bey appealed to this Court, and, on January 11, 1950, we affirmed Bey's conviction. See Commonwealth v. Bey, 364 Pa. 150, 70 A. 2d 342 (1950).

On March 30, 1969, Bey filed a petition[1] under the "Post-Conviction Hearing Act" (PCH Act) in the Court of Common Pleas of Allegheny County.[2] After

---

[1] This petition alleged Bey had been denied the right to counsel at a "critical stage" of the criminal proceedings.

[2] Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1969).

hearing, President Judge ELLENBOGEN of that court granted Bey a new trial by an order issued *December 22, 1969.*

On *February 2, 1970,* the Commonwealth of Pennsylvania, acting through the District Attorney of Allegheny County, filed an appeal in this Court from the order granting a new trial and filed a petition with this Court requesting us to permit an appeal *nunc pro tunc.*

The Constitution of our Commonwealth provides that the Supreme Court "(c) shall have such jurisdiction *as shall be provided by law.*" (Art. V, Section 2(c)) (Emphasis added). Our Court has exclusive appellate jurisdiction in cases involving felonious homicide such as presented in the case at bar.[3] Our jurisdiction to entertain an appeal, in cases involving felonious homicide, from an order entered in a post-conviction hearing, *i.e.,* the jurisdiction "provided by law," arises by virtue of Section 11 of the PCH Act (19 P.S. §1180-11 (Supp. 1969)), which provides, *inter alia:* "The party aggrieved by an order under Section 10 of [the PCH Act] may, *within thirty days from the day on which the order is issued,* appeal to the court having appellate jurisdiction over the original conviction." (Emphasis added)

*Forty-two days* after President Judge ELLENBOGEN'S order, the Commonwealth, as an "aggrieved party," filed an appeal to our Court. *This appeal was filed twelve days beyond the statutorily-prescribed time for taking an appeal.*

The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of our Court and its competency to act. See: *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 368, 214 A. 2d 203 (1965).

---

[3] Act of June 24, 1895, P. L. 212, §7.4, added August 14, 1963, P. L. 819, §2; June 30, 1967, P. L. 154, §1, 17 P.S. §191.4.

We are without the power to enlarge or extend the time provided by statute for taking an appeal or to grant leave to file an appeal *nunc pro tunc*. See: *Commonwealth v. Simon*, 413 Pa. 609, 610-11, 198 A. 2d 583 (1964) ; *Commonwealth v. Mackley*, 380 Pa. 70, 73, 110 A. 2d 172 (1955).[4] See also: 4 Am. Jur. 2d *Appeal and Error* §§292, 293 (1962) ; 9 Standard Pennsylvania Practice (Rev'd) §25 (1962). Neither the parties, by agreement, nor the Court, by acquiescence, can extend its jurisdiction.

When the order of December 22, 1969, was entered, the District Attorney had before him two choices: either accept the order and proceed to a new trial as directed by the court below or challenge the validity of the order by seeking appellate review in our Court. If, as it developed, the District Attorney believed the order was erroneous, he knew or should have known that such appeal, under the legislative mandate, had to be taken within thirty days. Instead of proceeding promptly and with dispatch, the District Attorney permitted the thirty-day statutory period to lapse and filed an appeal twelve days beyond the statutory limit. The conduct of the District Attorney cannot be explained, condoned or excused. Unfortunately, the dilatoriness of the District Attorney in taking this appeal has precluded re-

---

[4] The only exceptions "involve fraud or some breakdown in the court's operation through a default of its officers whereby the party has been injured" (*Nixon v. Nixon*, 329 Pa. 256, 260, 198 A. 154 (1938) ), or where the failure of a defendant in a criminal case to take an appeal within the time allowed by law has resulted from an unconstitutional deprivation of the assistance of counsel (*Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 242, 220 A. 2d 886, 887 (1966) ; *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 218, 220 A. 2d 883, 884 (1966) ; *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 159, 218 A. 2d 811, 812 (1966) ; *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 76, 215 A. 2d 637, 640 (1966) ).

138

view of the validity and propriety of the order granting to Bey a new trial.[5]

Under the present circumstances, we have no authority to permit this appeal or to grant an appeal *nunc pro tunc* in violation of the statute through which, and only through which, the jurisdiction of our Court attaches. Unfortunately, through the inaction of the District Attorney, the validity of the order below cannot be tested at the appellate level.

Petition for leave to file an appeal nunc pro tunc is denied and the appeal, untimely filed, is quashed.

Mr. Justice POMEROY concurs in the result.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.

---

[5] We do not, of course, reach nor pass upon the validity of the order of the court below by anything stated in this opinion.