Dixon Estate.

Argued March 22, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

*Larry E. Phillips,* with him *Donald L. McCaskey,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1971:

This appeal involves the correctness of the appraisement of the Estate of Harold R. Dixon, deceased, by the Department of Revenue of the Commonwealth of Pennsylvania for inheritance tax purposes. For reasons that will appear later in this opinion, it is unnecessary to reach the merits of the controversy.

Dixon, the decedent, died testate in Allegheny County on June 1, 1968. Letters testamentary were issued by the Register of Wills on June 26th. The Estate filed an inheritance tax return on October 16th. The Department of Revenue filed its appraisement of the Estate on October 23rd. The Estate filed a protest nunc pro tunc with the Department of Revenue on September 24, 1969. The Department refused to consider the protest because it was untimely filed. An appeal was then filed by the Estate in the Orphans' Court of Allegheny County, which subsequently entered a decree sustaining the Estate's protest of the appraisement made by the Department of Revenue. The Commonwealth appeals from this decree.

Under the "Inheritance and Estate Tax Act," Act of June 15, 1961, P. L. 373, §316, as amended, 72 P.S. §2485-1001, the Estate was required to file its protest of the appraisement with the Department of Revenue within sixty days after receipt of notice of the department's appraisement. It is undisputed that the protest herein was not filed until after eleven months had elapsed and the only reason given for the delay was the unfamiliarity of the attorney for the Estate with the statutory requirements. Under the circumstances, the Department of Revenue properly refused to con-

sider the protest and the court below erred in ruling otherwise.

Where an act of assembly fixes the time within which an appeal may be taken, the time may not be extended in the absence of fraud or its equivalent. There may be no extension of time as a matter of indulgence. Cf. *Commonwealth v. Bey*, 437 Pa. 134, 262 A. 2d 144 (1970) ; *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938) ; and, *Yeager v. United Natural Gas Company*, 197 Pa. Superior Ct. 25, 176 A. 2d 455 (1961).

The decree entered in the court below is vacated, and the record is remanded with directions to enter a decree consonant with this opinion. Costs on the Estate.