Dissenting Opinion by
Hoppman, J.:
I agree with the majority that the right of appeal is a substantial right which may be subject to reasonable conditions. Nowhere, however, does the majority establish that the requirement of paying the record costs within twenty days is an unreasonable condition.
The Pennsylvania legislature has decreed that a party may appeal from an award of arbitrators under the following rules:
“II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action ....
“IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket. . . .” June 16, 1836, P. L. 715, §27; January 14, 1952, P. L. (1951) 2087, §4; March 15, 1956, P. L. (1955) 1279, §1 (5 P.S. §71).
“There can be no valid objection, therefore, to the provisions of the Act of 1836, unchanged by the Act of *477 1952, regarding the payment of the accrued costs and the giving of a recognizance for the payment of the costs to accrue in the appellate proceedings as the condition for the allowance of an appeal from the award of the arbitrators.” Smith Case, 381 Pa. 223, 231, 112 A. 2d 625 (1955) (The Act of 1836 was not changed by the Act of 1956; thus, the Smith opinion retains its validity).
In the instant matter, appellant failed to comply with the aforementioned statute in that all costs were not paid prior to the expiration of the twenty day period. It is admittedly harsh to deny this appellant his right to appeal because he mistakenly paid $10.00 in costs instead of paying the $17.75 required by law. Appellant, however, cannot plead ignorance of the costs; appellant should have checked with the Prothonotary’s office to determine the true costs of the record. “It is the act, not this Court, which laid down the rule that the party appealing ‘shall pay all the costs which may have accrued in such suit or action.’ ” Fleisher v. Kaufman, 206 Pa. Superior Ct. 378, 381, 212 A. 2d 846 (1965).
This Court cannot disregard the legislature’s command — payment of costs within the twenty day period has been held mandatory to perfect the appeal. Smith Case, supra; Manton v. Marini, 218 Pa. Superior Ct. 298, 280 A. 2d 403 (1971); Budde v. Sandler, 204 Pa. Superior Ct. 36, 201 A. 2d 247 (1964).[1] If this require *478 ment is to be changed, the legislature, and not our Court, must amend the statute. Since the costs were not paid herein, this appeal should be dismissed.
Watkins and Jacobs, JJ., join in this dissenting opinion.

 In Budde v. Sandler, supra, Sandler moved to quash Budde’s appeal from an arbitrator’s award for the failure to pay all costs. In our Court’s opinion, Judge Flood stated: “The appellees rely on the county court’s arbitration rules which, as a condition precedent to an appeal from an arbitrators’ award, require ‘all record costs’ to be paid by the appellant. Whatever the phrase ‘record costs’ may mean, it certainly includes a bill of costs which is required to be filed of record and has been so filed in this case. Therefore, even if the appellee is correct in saying that ‘costs’ as used in the *478 Arbitration Act of 1836, [June 16, 1836, P. D. 715, §27; January 14, 1952, P. L. (1951) 2087, §4, March 15, 1956, P. L. (1955) 1279, §1 (5 P.S. §71)], has been properly defined by the county court rules as ‘record costs’ only, he is not helped. AU the record costs have not been paid and the appeal from the arbitration award should have been quashed.” Budde v. Sandler, supra, 204 Pa. Superior Ct. at 39.