Gould *v*. Lampley, Appellant.

Argued June 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Catherine Gallagher Barone,* for appellant.

*Andrew B. Cantor,* with him *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellees.

OPINION BY CERCONE, J., September 19, 1973:

This is an appeal from the lower court's denial of appellant's petition asking for permission to file an appeal, nunc pro tunc, from an award of arbitrators under the Compulsory Arbitration Act of January 14, 1952, P. L. 2087, amending the Act of June 16, 1836, P. L. 715. The question we have to decide here is when did the 20 days begin within which defendant had to file his appeal.

A hearing between the parties before a panel of arbitrators was held on Friday, October 20, 1972. On that same day, the arbitrators found in favor of the plaintiffs and also filed their award with the Prothonotary at 4:13 P.M., two minutes before the office closed for the day. The Prothonotary's office does not open on Saturdays and the following Monday was a legal holiday. Thus, the office was closed from Friday, October 20 until Tuesday, October 24, a period of three days. On Wednesday, October 25, the Court Administrator's office notified the parties by regular mail that the award had been filed in the Prothonotary's office on Friday, October 20, 1972.

On or about November 10, 1972 (within the 20 day appeal period) defendant by his counsel paid plaintiff's counsel $26.50 for costs accrued in the action and advised him that an appeal was being filed from the award. On November 13, 1972, defendant's counsel appeared at the Prothonotary's office for purposes of completing the appeal with Notice of Appeal, Affidavit, Surety Bond and $130 for arbitrators' fees. A clerk in the Prothonotary's office informed defense counsel that the appeal was too late since the award had been *filed* on October 20, 1972, at 4:13 P.M. However, the clerk could not determine the date when the award was *en-*

*tered* on the docket since the docket does not so indicate.

Under the 1836 Act and its amendments, an appeal from the award of arbitrators must be taken within "twenty days after the day of the entry of the award of the arbitrators on the docket." Under Montgomery County's Civil Procedural Rule 806, the appeal must be taken within 20 days after the award is filed with the Prothonotary. The act of filing and the act of entry of award (showing date of entry) on the docket within the Prothonotary's office are two distinct procedures. The mere filing of an award gives no assurance of notice to the litigants for proper exercise of the appeal within the required time. The entry of the award on the docket with date of entry does give the required notice, and furthermore, it is the notice required under the 1836 Act.

The lower court in denying plaintiff's petition asking for right of appeal, nunc pro tunc, reviewed the appeal provision under the Act of June 16, 1836, P. L. 715, No. 27 (5 P.S. 71), and also Rule 806 of the Montgomery County Civil Procedural Rules and determined that the Montgomery County local rule prevails. We do not agree. In the *Smith Case*, 381 Pa. 223 (1955), the Supreme Court of Pennsylvania, in addition to establishing the constitutionality of the Act of 1952, supra, said that in adopting local rules of court under the provisions of the 1836 Act and its amendments, the local courts must abide by and adhere strictly to the provisions of that statute in order to insure uniformity of procedure under the statute in our Commonwealth. The statute proclaims that the 20 day period for appeal begins on the date of entry of the award on the docket and not on the day it is filed in the Prothonotary's office as provided by the Montgomery County Court Rule. The statute and not the local rule must prevail. *Manton v. Marini*, 218 Pa. Superior Ct. 298 (1971).

In the instant case there is no way of establishing the actual date of entry of the award on the docket. It could have been entered in the last 2 minutes of the day's business of the Prothonotary's office on Friday, October 20, 1972, or it could have been entered either on the 24th or 25th of that month. The October 20 date would put the defendant out of court (since the 20 day appeal period would have elapsed by November 13). The October 24 or 25 date would give defendant time for proper appeal. *Sims v. Hamption,* 1 Serg. & R. 411 (1846) ; *Harker v. Addis,* 4 Pa. 515 (1846). Since the law favors the right of appeal (*Manton v. Marini,* supra, and *Fleisher v. Kaufman,* 206 Pa. Superior Ct. 378 (1965)), it is our opinion that it would be harsh and oppressive to deprive defendant of his right of appeal under the facts of this case.

This is not a matter dehors the record as indicated by plaintiff. Nor is this a matter for the application of the principle that the lower court has discretionary powers that cannot be set aside unless abused. The record clearly establishes that the Prothonotary's docket does not indicate the date of the entry of the award and we cannot, as urged by plaintiff, assume a regularity of procedure on the part of the Prothonotary (that the act of filing was tantamount to entry of the award on the docket) in the absence of any evidence, such as custom, establishing such regularity of procedure. This case simply reduces itself to deciding whether a party should be deprived of his or her right to appeal under the 1836 Act where entry of award on the docket could have been made on one of three possible dates, two of which dates would give plaintiff sufficient time to appeal. We hold that defendant should not be so prejudiced. This difficulty can be avoided in the future by the Prothonotary noting of record the exact date the award was entered on the docket.

Order of the lower court reversed and defendant given 20 days from date of notice of this order to perfect his appeal.