## Giancaterino Estate

*Guy G. de Furia* and *Albert J. Persichetti,* for petitioner.

*Neil B. Howard,* for legatees.

*Catherine R. Barone,* for Commonwealth.

*Robert W. Schneider, Jr.,* for John D. Lucey, Jr.

DIGGINS, P. J., February 28, 1974.—The instant matter concerns an appeal from the refusal by the register of wills to revalue the life interest of Angelina Giancaterino, now deceased, under the provisions of a testamentary trust established by the will and codicil of Dominick Giancaterino, deceased, her brother.

The record discloses that decedent, Dominick Giancaterino, died on September 28, 1971, having made his last will and codicil thereto, dated September 2, 1970, and August 24, 1971, respectively. These were duly probated, and letters testamentary were granted, on October 1, 1971, by the Register of Wills of Delaware County, to decedent's sister, Angelina Giancaterino. By his will and codicil, decedent established a testamentary trust as to part of his residuary estate, and provided that his sister, Angelina Giancaterino, was to receive the income therefrom for her lifetime, and, upon her death, provided that the trust principal was to be divided equally between his daughter and son, Margaret Dominica Giancaterino and Daniel Keen Giancaterino, providing for alternative distribution in the event of nonsurvivorship. Inter alia, by his will and codicil, decedent further provided that all estate and inheritance taxes payable by reason of his death with respect to property comprising his gross estate for tax purposes was to be paid by the respective beneficiaries thereof. ᵛ

On December 28, 1971, the subject estate made a payment on account of the Pennsylvania transfer inheritance tax. Subsequently, in June of 1972, the subject estate filed the applicable Pennsylvania transfer inheritance tax affidavit and paid the inheritance taxes due on all interests. In that return, the value of Angelina Giancaterino's life estate was fixed at $58,561.26, which value was based upon her life expectancy as shown by the mortality tables and as mandated by section 502 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, art. V, sec. 502, 72 PS §2485-502. The tax imposed on the value of Angelina Giancaterino's life estate aggregated $8,784.19. As aforesaid, this tax, inter alia, was paid by

the estate subject to reimbursement by Angelina Giancaterino or as a credit against income to which she would be entitled. On December 11, 1972, the appraisement was filed which, inter alia, accepted the valuation of Angelina Giancaterino's life estate as determined by the estate.

On January 6, 1973, the life tenant (and executrix) died from a form of cancer which appears to have existed at the time of death of the subject decedent, Dominick Giancaterino. It is to be noted that the subject estate was called for audit on January 8, 1973, and, after the successor executor qualified and was appointed, the adjudication was filed by the court on February 15, 1973; no question relative to inheritance taxes was raised at that time. Further, the court notes that Angelina Giancaterino did not, at any time, renounce the life estate established for her by her brother.

Subsequently, by letters dated, respectively, March 30, 1973, and April 10, 1973, the successor executor of the subject estate and counsel for the estate of Angelina Giancaterino, deceased, requested that the Department of Revenue revalue the life estate of Angelina Giancaterino from $58,561.26 to the sum of $9,468.44, the latter sum representing the sole amount due from the subject estate to Angelina Giancaterino, viz., the trust income between the dates of death of the subject decedent and Angelina Giancaterino. In effect, these requests were refused, and the subject appeal followed. It is also to be noted that the inheritance tax due on a revalued life estate restricted to income would total $1,420.20, as distinguished from the tax assessed and paid on the actuarial value of the life estate ($58,561.26) in the amount of $8,784.19. Further the court notes that the remaindermen of the subject trust join in the position of the Commonwealth, since the remainder-

men will be entitled to reimbursement from the subject estate (or the estate of Angelina Giancaterino, deceased) for the amount found to be due.

The issues presented for determination are threefold in character. First, was a timely "appeal" filed? Second, is the register of wills empowered to value the subject life estate other than as mandated by section 502 of the act? Third, is the said section 502 confiscatory and, thus, unconstitutional? It is the considered opinion of this court, for the reasons hereinafter set forth, that the Commonwealth and the remaindermen must prevail.

As to the first issue, the record indicates that the official appraisement was filed in the subject estate on December 11, 1972. Moreover, this court filed its adjudication on February 15, 1973. It appears patent that section 1001 of the act, supra, 72 PS §2485-1001, which expressly provides that appeals must be taken within 60 days after receipt of notice of the filing of the appraisement as therein specified, was not complied with by the subject estate, nor by the successor executor, nor by the personal representative of Angelina Giancaterino. Nor may this court extend the time within which an appeal may be filed in the absence of fraud or its equivalent, neither of which is here present. See Dixon Estate, 443 Pa. 303.

As to the second issue presented for determination, and even assuming, arguendo, that a timely appeal was filed, it is the conclusion of this court that the provisions of section 502 of the act, supra, are mandatory, and, thus, the register of wills is not empowered to value a life estate other than as therein set forth. Section 502 of the act, supra, 72 PS §2485-502, specifies as follows:

"The value of a life interest shall be determined in accordance with the Mortality Table presently appear-

ing as Table 38, Makehamized, in the volume entitled 'United States Life Tables and Actuarial Tables, 1939-1941,' published by the United States Department of Commerce, Bureau of the Census (1946), with interest at the rate of three and one-half (3½) percent per year, compounded annually."

It is noted that the mandatory word "shall" is employed, and not the discretionary word "may." This, patently, should be a sufficient answer. However, in addition, it is noted that section 505 of the said act, 72 PS §2485-505, provides appropriate relief should the life tenant die within nine months of the death of the original decedent; in such event, it is mandated that the interest of the life tenant *shall* be revalued on the basis of the actual moneys received. In the instant case, Angelina Giancaterino survived her brother by more than 15 months, and, thus, the exception contained in the said section 505 is inapplicable. Moreover, analogous Pennsylvania authorities support the conclusion herein achieved: Rowell's Estate, 315 Pa. 181; Reynolds Estate, 359 Pa. 616; and Kelleys Estate, 5 D. & C. 2d 1. Nor is this court inclined toward the view of the Federal regulations and Tax Court cases cited by petitioner for the reasons hereinabove set forth.

Lastly, it is the conclusion of this court that section 502 of the act, supra, is constitutional, especially when viewed in conjunction with the provisions of section 505 of the act. The authorities cited by petitioner are distinguishable from the instant case by virtue of legal and factual differences. Moreover, it must be noted that Angelina Giancaterino could have renounced her life estate but failed to do so. On the contrary, she, as executrix of the subject estate, paid the inheritance tax in full, including the actuarial value of her life estate. Nor is the issue here one of collectibility, but, rather, validity.

Accordingly, the court enters the following

## DECREE

And now, February 28, 1974, upon consideration of the record, argument and briefs presented on behalf of the respective parties, the petition for citation sur appeal from assessment of inheritance tax filed on behalf of Rose Giuliano, executrix of the estate of Angelina Giancaterino, deceased, and after hearing, it is ordered, adjudged and decreed that:

1. The aforesaid petition for citation sur appeal from assessment of inheritance tax be and the same is herewith dismissed; and

2. The citation heretofore directed to be issued upon the Hon. Walter T. ReDavid, Register of Wills of Delaware County, Pa., be and the same is herewith withdrawn and discharged.

## SUPPLEMENTARY OPINION

DIGGINS, P. J., June 11, 1974.—On February 28, 1974, this court filed its opinion and decree relative to the above-captioned estate. Subsequently, counsel for the successor-executor communicated with the court by letter dated March 5, 1974. Counsel for all interested parties have been afforded an opportunity to respond to the said letter by this court.

The primary thrust thereof is that the subject appeal was not from the appraisement but rather from the assessment of the tax, same not having been received until June 13, 1973. Accordingly, it is suggested that the appeal was timely filed. A review of the record in this regard convinces the court that the appeal was timely filed, and, to this extent, the court was in error relative to the first issue discussed in its aforementioned opinion.

Substantively, however, the remaining conclusions of this court are unaffected, and they require the affirmance of the decree previously entered.

Accordingly, the court enters the following

DECREE

And now, June 11, 1974, it is ordered, adjudged and decreed that, except as hereinabove modified, the opinion and decree of February 28, 1974, be and the same are herewith affirmed.