368 A.2d 815

Michael MacKANICK, a minor, by his parent and natural
guardian, Natalie MacKanick and Natalie Mac-
Kanick, in her own right,

v.

Rose RUBIN, Appellant.

Superior Court of Pennsylvania.

Argued June 17, 1976.

Decided Dec. 15, 1976.

468

Robert M. Ruzzi, Philadelphia, for appellant.

Melvin Alan Bank, Philadelphia, with him John J. D'Angelo, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from an order granting plaintiffs-appellees' petition for allowance to file an appeal nunc pro tunc from a Report and Award of Arbitrators.

On May 5, 1975 appellee instituted a suit in trespass against appellant Rose Rubin, alleging that appellant negligently caused injury to the minor plaintiff when appellant's vehicle and minor Michael MacKanick's bicycle collided at Verree Road and Greymont Street, Philadelphia. An arbitration hearing was held on October 28, 1975 [1] and a Report and Award of Arbitrators in favor of defendant-appellant Rubin was filed on October 29, 1975. Counsel for plaintiffs received the report and award and it was docketed on October 30, 1975. Counsel prepared an appeal and obtained an appeal bond the same day. However, the appeal was not filed until December 4, 1975, some 35 days later, and the prothonotary rejected it as untimely.[2] On December 9, 1975, judgment

---

1. The arbitration hearing was held pursuant to Philadelphia County Arbitration Rule VI and the provisions of the Act of June 16, 1836, P.L. 715, *as amended,* 5 P.S. §§ 21 *et seq.* (Supp.1976–77), *added* January 14, 1952, P.L. 2087, § 1, *as amended,* 5 P.S. § 30 (Supp.1976–77).

2. The Act of June 16, 1836, P.L. 715, § 27, *as amended,* 5 P.S. § 71 (1963) provides, *inter alia:*

    "§ 71. *Parties may appeal*

    "Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

    "IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket."

was entered on the award of the arbitrators, in favor of appellant.

On January 12, 1975, counsel for plaintiffs filed a petition for allowance to file an appeal from the report and award of arbitrators nunc pro tunc, averring that the appeal was not timely entered because of a busy schedule and because the papers were given to a secretary for processing. The petition further alleged that the secretary became ill on November 19, 1975, that she was out of counsel's office from November 19th to November 21st, that the Thanksgiving holidays intervened and that the oversight was not discovered until the secretary's return.

The court below, cited the reasoning of our decision in *Poluka v. Cole,* 222 Pa.Super. 500, 295 A.2d 132, *allocatur refused,* 222 Pa.Super. *xxxii* (1972), granted plaintiffs leave to appeal nunc pro tunc, holding that mere inadvertence of counsel should not operate to turn plaintiffs out of court. Appellant's claim is that this action exceeded the lower court's powers. We agree. *Poluka v. Cole,* supra, which reversed a lower court's discretion in entering a judgment of non pros for want of due diligence in prosecuting an action within a reasonable time, is inapposite to the instant circumstance involving a statutory limitation on time for appeal.

The principles of law which are applicable to this case and which limit the discretion of the court below in a case such as this are well-settled. Generally, where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace, *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Commonwealth v. Horner,* 449 Pa. 322, 296 A.2d 760 (1972); *Dixon Estate,* 443 Pa. 303, 279 A.2d 39 (1971); *Commonwealth v. Bey,* 437 Pa. 134, 262 A.2d 144 (1970), and courts have no power to extend a statutory appeal time or to allow an appeal nunc pro tunc in the absence of fraud or its equiv-

alent or some breakdown in the court's operation. *Dix-
on Estate,* supra; *Scharfman v. Philadelphia Transp.
Co.,* 234 Pa.Super. 563, 340 A.2d 539 (1975); *Appeal of
Citizens for Improvement of N. 52nd Street Area,* 213
Pa.Super. 46, 245 A.2d 725 (1968). The statutory period
of 20 days specifically involved here has been held to be
a mandatory appeal time, *James F. Oakley, Inc. v. School
Dist. of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975);
*see Gould v. Lampley,* 225 Pa.Super. 107, 310 A.2d 420
(1973); *see also Meta v. Yellow Cab Co.,* 222 Pa.Super.
469, 294 A.2d 898 (1972), the extension of which is al-
lowable only under the limited exceptions set forth by
the above-stated general rule. *See Klugman v. Gimbel
Bros., Inc.,* 198 Pa.Super. 268, 182 A.2d 223, *allocatur
refused,* 198 Pa.Super. *xxix* (1962). In *Klugman* this
Court, considering the propriety of allowance of an ap-
peal nunc pro tunc under the compulsory arbitration pro-
visions of the Act of 1836, stated:

> " 'Where an act of assembly fixes the time within
> which an act must be done, as for example an appeal
> taken, courts have no power to extend it, or allow the
> act to be done at a later day, as a matter of indulgence.
> Something more than mere hardship is necessary to
> justify an extension of time, or its equivalent, an al-
> lowance of the act nunc pro tunc. . . . Where a
> party has been prevented from appealing by fraud, or
> by the wrongful or negligent act of a court official, it
> has been held that the court has the power to extend
> the time for appeal. . . . But where no fraud or
> anything equivalent thereto is shown such appeals can-
> not be allowed. . . . *The mistake or neglect of the
> attorney for the party desiring to appeal is not suffi-
> cient ground for relief: Ward v. Letzkus,* 152 Pa. 318,
> 319, 25 A. 778.' " (Emphasis added).

*Id.* at 275, 182 A.2d at 226, *quoting Wise v. Cambridge
Springs Borough,* 262 Pa. 139, 104 A. 863 (1918).

472

■ In the case at bar there was no showing of fraud or its equivalent, of a breakdown in the court's system or of a wrongful or negligent act of a court official. All that was offered by counsel for the plaintiffs as a basis for allowance of the appeal nunc pro tunc was inadvertence and the fact that his secretary, to whom he had delegated the responsibility, was sick on the final days of the appeal period. The lower court was therefore without authority to grant allowance to appeal nunc pro tunc under the circumstances present in this case and it exceeded the narrow range of its discretion in doing so. *Klugman v. Gimbel Brothers, Inc.*, supra; *see Steth v. Henderson*, 200 Pa.Super. 268, 188 A.2d 823 (1963); *Dion v. Ford Motor Co.*, 64 Pa.D. & C.2d 245 (C.P.Phila. 1973), *aff'd per curiam*, 228 Pa.Super. 743, 311 A.2d 329 (1974).

■ In spite of the clear import of the preceding, we must reluctantly recognize that we are without power to reverse the action of the court below at this procedural juncture and that this appeal must be quashed, because the order appealed from is interlocutory.[3] Although neither party has questioned the jurisdiction of this Court to hear this appeal, we must note that our appellate jurisdiction is ordinarily limited to appeals from final orders of common pleas courts, except where provided by statute, *Philadelphia v. William Penn Business Institute*, 423 Pa. 490, 223 A.2d 850 (1966); *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174; *see Mc-*

**3.** We are mindful of the fact that defendant-appellant may be required to undergo an unnecessary trial as a result hereof, after which, with a final order in hand, she will be able to properly appeal to this Court to seek relief from the unauthorized order entered here. Although we might, in the interest of judicial economy, view the order appealed from as an order granting a new trial, *see Damon & Foster v. Berger*, 191 Pa.Super. 165, 169, 155 A.2d 388, 391 (1959), or as an appeal from an order opening a judgment, thereby labeling the order in this case as an appealable order, to do so would be to circumvent the fact that the statute does not provide for such an appeal.

*Connell v. Schmidt*, 234 Pa.Super. 400, 339 A.2d 578, *order vacated and appeal quashed*, 463 Pa. 118, 344 A.2d 277 (1975); and that the appealability of an order goes to the jurisdiction of the appeals court and may be raised by the court sua sponte. *Jones v. Crossgates, Inc.*, 220 Pa.Super. 427, 289 A.2d 491 (1972). We cannot assume appellate jurisdiction by consent of the parties. *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 95 A.2d 776 (1953).

■ The instant order, which allows appellees leave to file their appeal nunc pro tunc, ". . . does not put the plaintiff out of court or constitute a conclusive adjudication of the proceeding, and the statute does not authorize an appeal from an interlocutory order. . . ." *Steth v. Henderson*, supra at 269, 188 A.2d at 824. *See Caples v. Klugman*, 202 Pa.Super. 517, 198 A.2d 342 (1964); *Budde v. Sandler*, 204 Pa.Super. 36, 201 A.2d 247 (1964); *Damon & Foster v. Berger*, 191 Pa.Super. 165, 155 A.2d 388 (1959).

Appeal quashed.

PRICE, J., files a dissenting opinion, in which VAN der VOORT and SPAETH, JJ., join.

PRICE, Judge, dissenting:

On December 9, 1975, appellant entered final judgment on the award of the arbitrators. The lower court's action in granting this appeal nunc pro tunc by its order dated January 8, 1976,[1] is completely silent on this matter. If, as the majority suggests, appellant must undertake a trial before being able to raise this matter on appeal, the trial will take place while a final, valid judgment is on the record in appellant's favor. This is a result that surely cannot be intended, nor indeed permitted.

The appellees' action in petitioning for allowance of an appeal nunc pro tunc was in reality mounting an attack on the judgment and while their ingenuity in approach

1. Interestingly, the Order bears this date, although the appellees' petition was not docketed until January 12, 1976.

may be commendable, the action is still an *attempt* to open the judgment. And although the lower court does not *directly* open the judgment, the effect of the nunc pro tunc appeal must, in common sense, be given that effect. The majority recognizes this possibility (244 Pa. Super. 472, 368 A.2d 818 fn. 3) but dismisses the option as a circumvention of the statute which does not provide for such an appeal. Presumably this reference is to the Act of 1836 which sets forth the provisions of compulsory arbitration and the appeal procedure. But I do not so interpret that procedure to be controlling under the situation here presented.

The clear result of the appellees' action and the lower court's order is to open a final judgment. As such it is appealable.

And, if appealable, the majority has very ably demonstrated that the action was improper and in error.

I would reverse the order of the lower court and affirm the judgment, presently of record, in favor of appellant.

VAN der VOORT and SPAETH, JJ., join in this dissenting opinion.