## Kay v. McKay Chevrolet Corp.

*Chester T. Cyzio,* for plaintiff.
*Charles H. Greenberg,* for defendant.

McDEVITT, *J.,* March 1, 1978 — This case arises out of an appeal from an arbitration award for defendant, dated September 15, 1977. The back of the arbitrator's report indicates that it was filed on September 16 and indexed on September 19. The docket entry for the award also shows these two dates. The appeal herein by plaintiff was filed on

October 4, and the notice thereof was apparently mailed on October 6.

Defendant has moved to quash plaintiff's appeal on the ground that his attorney failed to comply with Rule VI of the Philadelphia Rules of Arbitration which provide that the notice of appeal and service thereof upon the adverse party must be accomplished within 20 days "after the entry of the Award of the Board on the docket of the Office of the Prothonotary." Defendant asks us to regard September 16, the date the award was filed, as the starting date for computing the 20-day period. Under this theory, service of the notice of the appeal was made one day late. However, the applicable rule makes clear that the date of docketing, rather than the date of filing, controls. This is a reflection of the fact that some lag between filing and docketing is inevitable in view of the staggering volume of papers handled each day by our prothonotary. Therefore, September 19 was the starting date here, putting the date of service within the 20-day period outlined by Rule VI of Rules of Arbitration. As such, the motion to quash is denied: See Gould v. Lampley, 225 Pa. Superior Ct. 107, 310 A. 2d 420 (1973).

## ORDER

And now, March 1, 1978, it is herein ordered and decreed that defendant's motion to quash plaintiff's appeal be dismissed.