385 A.2d 422

**Paul WILLIAMS, Appellant,**

v.

**Quetta C. WILLIAMS.**

Superior Court of Pennsylvania.

Submitted Dec. 22, 1976.

Decided April 13, 1978.

John F. Hunt, Philadelphia, for appellant.

Raymond J. Takiff, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from a lower court order which declared appellant to be the father of a child, Juankena Williams, and Mrs. Williams and the child to be entitled to support. In addition, the order directed that a further hearing be scheduled to establish the amount of appellant's support obligations. Because this appeal is not properly before us, we are compelled to quash it.

The facts crucial to this appeal are as follows. On June 25, 1975, Mrs. Williams filed a petition for support under the Pennsylvania Civil Procedural Support Law.[1] A hearing was conducted on September 8, 1975, at which Mr. Williams denied being the father of the child, who was born during the marriage but after the parties' separation. Judge Stern ordered a second set of blood tests to be taken to supplement ones taken in 1968. On January 22, 1976, Judge Stern

1. The act of July 13, 1953, P.L. 431, § 1 *et seq.* [62 P.S. 2043.31 *et seq.*].

entered the order now before this court, without the benefit of additional blood tests, because appellant failed to undergo the tests. Appellant urges that there is legally sufficient evidence in the record to rebut the presumption of legitimacy. He also contends that he did not refuse to undergo further tests but has sufficient excuse for his failure to keep the scheduled appointment. He urges that we reverse the lower court's decision or remand the case for consideration of newly discovered evidence, reports of the blood tests which were performed subsequent to Judge Stern's order. We will not address the merits of appellant's arguments.

Appellate jurisdiction is generally limited to appeals from final orders of courts of common pleas, unless a statute provides otherwise. *Piltzer v. Independence Federal Savings and Loan Ass'n,* 456 Pa. 402, 319 A.2d 677 (1974); *Philadelphia v. William Penn Business Institute,* 423 Pa. 490, 223 A.2d 850 (1966). *See McConnell v. Schmidt,* 234 Pa.Super. 400, 339 A.2d 578, *order vacated and appeal quashed,* 463 Pa. 118, 344 A.2d 277 (1975). Although appellee does not raise the issue in this case, appealability of an order goes to the appellate court's jurisdiction and may be raised *sua sponte. Jones v. Crossgates, Inc.,* 220 Pa.Super. 427, 289 A.2d 491 (1972). Here, there has been a determination of paternity but no support order has been entered by the court below. Because "the order appealed from does not put the [parties] out of court or constitute a conclusive adjudication of the proceeding, and the statute does not authorize an appeal from an interlocutory order . . . the order of the court below is not appealable at this stage of the proceeding . . . ." *Steth v. Henderson,* 200 Pa.Super. 268, 269, 188 A.2d 823, 824 (1963).

This appeal is quashed and the case is remanded to the court below for further proceedings.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.