## Bookhart Estate

*Stephen Israel,* for estate.

*Robert S. Engelsberg, deputy attorney general,* for the commonwealth.

ROSS, *J.,* March 29, 1989 — May an assessment for inheritance tax be modified because of mistake more than 60 days after original appraisement and assessment?

Lucille Bookhart died June 19, 1986. At the time of her death, decedent owned an account at Mellon Bank standing in her name in trust for Barbara Williams. The balance on date of death was $10,262.50.

Pursuant to the Taxation and Fiscal Affairs Act of December 13, 1982, P.L. 1086, §1, 72 Pa.C.S. §1747, Mellon Bank, upon learning of decedent's death, notified the Commonwealth of Pennsylvania, Department of Revenue, of the account but failed to note it as an in-trust account and reported an incorrect balance.

On April 20, 1987, the commonwealth issued its assessment of transfer inheritance tax. In June 1988, counsel for the estate requested a suspension of assessment because he intended to file a probate inheritance tax return and to include the account on the return. Counsel at that time furnished the

local department office with the particulars concerning the Mellon account.

On July 26, 1988, the estate return was filed containing the same erroneous information furnished by Mellon. The probate assessment issued October 11, 1988, but assessed the Mellon bank account properly.

The estate contends that since more than 60 days had elapsed since the original assessment of April 20, 1987, the earlier assessment was final and could not be modified by that of October 11, 1988: Act of December 13, 1982, P.L. 1086, *supra,* §1786, 72 Pa.C.S. §1786.

The cases are clear that a tax assessment may not in general be modified on behalf of a party appealing beyond the 60-day period: *In re Estate of Dixon,* 443 Pa. 303, 305, 279 A.2d 39, 40 (1971); *Darsie Estate,* 354 Pa. 540, 541-2, 47 A.2d 815, 816 (1946); *Heberton Estate,* 351 Pa. 564, 565, 41 A.2d 654, 656 (1945); *In re Estate of Welsh,* 97 Pa. Commw. 588, 591, 510 A.2d 850, 851 (1986). The only exception to the rule is the situation in which the party appellant was the victim of fraud, accident or mistake or fraud or its equivalent as to a material part of the estate: *In re Estate of Dixon,* at 305, 279 A.2d at 40; *Dick Estate,* 9 Pa. Fiduc. 2d 29, 32 (1988); *Samuel Estate,* 16 Pa. Fiduc. 593, 595 (1966).

*Guziak Estate,* 8 Pa. Fiduc. 2d 306, 308 (1986), held that if the assessment is based upon information furnished by report of financial institutions, the commonwealth has failed to meet its burden of establishing fraud or its equivalent in entitling it to a second assessment. However, in *Guziak,* the bank information was not erroneous and the ground sought for untimely appeal was misrepresentation by the personal representative.

Cases allowing appeals after 60 days for mistake are: *Rosenbaum Estate,* 6 Pa. Fiduc. 409, 411 (1956), (removal of asset from taxable estate); *Omelchenko Estate,* 1 Pa. Fiduc. 2d 273, 279 (1981), (wrong basis for computation used).

Because of the case law recognizing mistake as an exception to the 60-days rule, the commonwealth may issue its second appraisement to correct the original mistake made in the original assessment of the bank account.

## ORDER OF COURT

And now, March 29, 1989, after hearing argument on the issue raised at the audit of the account of the personal representative of Lucille. Bookhart, deceased, viz., the right of the Department of Revenue, Commonwealth of Pennsylvania, to modify on the ground of mistake an original inheritance tax assessment dated April 20, 1987, by reassessment dated October 11, 1988, the court finds that mistake, based upon erroneous information furnished the commonwealth by Mellon Bank concerning decedent's bank account, is a ground for allowing reassessment after the 60-day appeal period and therefore, it is ordered, adjudged and decreed that a decree of distribution be entered awarding the additional claim for inheritance tax.