152

602 A.2d 1354

**Henry FETTER, Appellee,**

v.

**Herb SCHWARTZ, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1991.

Filed Feb. 11, 1992.

Joseph V. Restifo, Philadelphia, for appellant.

Robert B. Marcus, Philadelphia, for appellee.

Before WIEAND, JOHNSON and HOFFMAN, JJ.

WIEAND, Judge:

On July 25, 1989, Henry Fetter filed an action to recover damages for injuries sustained in a roofing accident allegedly caused by the negligence of Herb Schwartz. On

October 11, 1989, following compulsory arbitration, an award was entered in favor of Fetter and against Schwartz in the amount of twenty thousand ($20,000) dollars. Neither party filed an appeal within thirty (30) days thereafter. On November 16, 1989, however, Fetter's counsel filed a petition for leave of court to file an appeal nunc pro tunc. In support of this request, Fetter alleged that his counsel's delay in filing an appeal had been caused by a "bug" in counsel's new computer system. The trial court, finding that the failure to file a timely appeal had been caused by a nonnegligent mishap and relying upon the decision of the Supreme Court in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), granted leave to appeal nunc pro tunc. From this order, Schwartz filed the instant appeal. He argues that the *Bass* exception to the thirty day appeal requirement has been narrowly construed and has no application where, as here, a lawyer attempts to use a new computer system as his only court calendar.

Unfortunately for appellant, the trial court's order allowing an appeal nunc pro tunc is an interlocutory order. See: *MacKanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976). In *MacKanick*, as here, an appeal was attempted from an order allowing an appeal nunc pro tunc from a Report and Award of Arbitrators. There, as here, neither party had questioned the Superior Court's jurisdiction to hear the appeal. Nevertheless, the Court said:

Although neither party has questioned the jurisdiction of this Court to hear this appeal, we must note that our appellate jurisdiction is ordinarily limited to appeals from final orders of common pleas courts, except where provided by statute, *Philadelphia v. William Penn Business Institute*, 423 Pa. 490, 223 A.2d 850 (1966); *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174; *see McConnell v. Schmidt*, 234 Pa.Super. 400, 339 A.2d 578, *order vacated and appeal quashed*, 463 Pa. 118, 344 A.2d 277 (1975); and that the appealability of an order goes to the jurisdiction of the appeals court and may be raised by the court sua sponte. *Jones v. Crossgates, Inc.*,

154

220 Pa.Super. 427, 289 A.2d 491 (1972). We cannot assume appellate jurisdiction by consent of the parties. *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A.2d 776 (1953).

The instant order, which allows appellees leave to file their appeal nunc pro tunc, "... does not put the plaintiff out of court or constitute a conclusive adjudication of the proceeding, and the statute does not authorize an appeal from an interlocutory order...." *Steth v. Henderson,* supra [200 Pa.Super. 268] at 269, 188 A.2d [823] at 824. *See Caples v. Klugman,* 202 Pa.Super. 517, 198 A.2d 342 (1964); *Budde v. Sandler,* 204 Pa.Super. 36, 201 A.2d 247 (1964); *Damon & Foster v. Berger,* 191 Pa.Super. 165, 155 A.2d 388 (1959).

Appeal quashed.

*Id.,* 244 Pa.Superior Ct. at 472–473, 368 A.2d at 818–819.

It may be, as appellant argues, that the trial court abused its discretion when it allowed an appeal nunc pro tunc in this case, and that our decision to quash the appeal will require the parties to undergo an unnecessary trial. Although we are aware of this possibility, as was the Court in *MacKanick v. Rubin, supra,* we also recognize that a trial may produce a defense verdict or a verdict for plaintiff awarding damages in an amount satisfactory to both parties. In that event, the issue raised in the present appeal will become moot. Whether that be so or not, it is patently clear that neither party has been put "out of court" by the trial court's order and that such an order, being interlocutory, is not immediately appealable.

Appeal quashed.